# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

NANCY GARD, )
)
        Plaintiff, )
)
vs. )
)
ASSET ACCEPTANCE, LLC, )
)
        Defendant. )

## COMPLAINT

## INTRODUCTION

1.    Plaintiff Nancy Gard brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue and personal jurisdiction in this District are proper because defendant does business within this District.

## PARTIES

4.    Plaintiff Nancy Gard is an individual who resides in Wisconsin.

5.    Defendant Asset Acceptance, LLC is a limited liability company engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. Its principal place of business is 28405 Van Dyke Avenue, Warren, Michigan 48093.

6.    Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

7.    Asset Acceptance, LLC does business in Wisconsin.

## FACTS

8.    Defendant has been attempting to collect from plaintiff an old debt, incurred for personal, family or household purposes and not business purposes.

1

9. On or about December 2, 2011, defendant sent plaintiff the letter attached as Exhibit A.

10. Exhibit A was the first letter defendant sent to plaintiff regarding the debt described therein.

11. On December 14, 2011, plaintiff, by counsel, faxed defendant the letter attached as Exhibit B, disputing the debt and advising that plaintiff was represented by counsel.

12. On or about April 1, 2012, defendant sent plaintiff, directly, the collection letter attached as Exhibit C.

13. At no time did defendant verify the debt.

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1-13.

15. Defendant violated 15 U.S.C. §1692g, by continuing to communicate with plaintiff without verifying the debt.

16. 15 U.S.C. §1692g provides:

**(a)** **Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1)** **the amount of the debt;**

**(2)** **the name of the creditor to whom the debt is owed;**

**(3)** **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4)** **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) **Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) **Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) **Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) **Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 U.S.C. §1 *et seq.*], title V of Gramm-Leach-Bliley Act [15 U.S.C. §6801 *et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

17. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

18. 15 U.S.C. §1692c provides:

(a) **Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

3

> . . .
>
> **(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other and further relief as the Court deems proper.


        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

4

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)